

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00054-CR

**PASQUAL LUNA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 21st District Court
### Burleson County, Texas
### Trial Court No. 15,737

## MEMORANDUM OPINION

A jury found Appellant Pasqual Luna guilty of the felony offense of driving while intoxicated (DWI), with two prior convictions for DWI. *See* TEX. PENAL CODE ANN. § 49.09(a-b). The jury found the enhancement allegations alleging two prior felony convictions to be true and assessed Luna's punishment at forty years' in the penitentiary. The trial court sentenced Luna accordingly. In two issues, Luna argues that the evidence

is insufficient to support the prior DWI enhancements alleged in the indictment. We affirm.

## Procedural and Factual History

On September 14, 2018, Luna was arrested for driving while intoxicated. The State subsequently charged Luna with DWI and alleged that Luna had two prior DWI convictions—one on March 26, 1996 and the second on March 23, 2004.[1] At trial, the State offered, without objection, and the trial court admitted exhibits to prove up the two prior DWI convictions. The State also elicited testimony from two witnesses explaining the exhibits.

## Standard of Review

The Court of Criminal Appeals has expressed our standard of review for sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. We may not re-weigh the evidence or substitute our

---

[1] The indictment specifically charged, "And it is further presented that prior to the commission of the charged offense . . ., on the 26th day of March, A.D. 1996, in cause number 13,803 in the County Court of Burleson County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on the 23rd day of March, A.D. 2004, in cause number 16,855 in the County Court of Burleson County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated. . . ."

judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

**Authority**

To support a finding of true to an allegation of a prior DWI, "the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is

linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). There is no specific method of proof that is required to prove these two elements. *Id*. The State may introduce evidence to prove the prior conviction through testimony or documentary proof. *Id*. at 922. Evidence that the defendant's name is the same as the one on the prior conviction is not alone sufficient to prove the defendant is the same person previously convicted. *Williams v. State*, 946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.). Evidence with personal identification information, such as a driver's license number, social security number, and date of birth can be sufficient evidence, in conjunction with a prior judgment, to link a prior conviction to the defendant. *See, e.g., Flowers*, 220 S.W.3d at 924-25. The trier of fact will look at the totality of the evidence admitted in determining if the prior conviction exists and if the defendant was the person convicted. *Id*. at 923. If these two elements can be found beyond a reasonable doubt, then the evidence used is necessarily sufficient to prove a prior conviction. *Id*.

### Issue One

In his first issue, Luna challenges the sufficiency of the evidence to support the finding of the first prior DWI conviction from March 1996. Luna argues that the State failed to present sufficient evidence to prove that Luna is linked to the March 1996 conviction. We disagree.

The State admitted multiple exhibits that contained Luna's personal identification information. State's Exhibit 10 includes documents related to the March 1996 conviction,

which included the final judgment, along with documents that reflect Luna's date of birth, social security number, driver's license number, and a brief physical description. State's Exhibits 11, 13, 14, 15, and 20 also contain many of the same personal identifiers. Notably, the personal identifiers in State's Exhibit 10 match those in Defendant's Exhibits 1 and 3. Defendant's Exhibit 1 even includes a photocopy of Luna's driver's license. At no point during trial did Luna argue that the personal identifiers or physical descriptions in those exhibits were false. In addition, Luna's signature is included throughout these exhibits. A jury's comparison of handwriting is sufficient to establish the handwriting of a witness if the witness does not deny his signature under oath. *See* TEX. CODE CRIM. PRO. ANN. art. 38.27.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have concluded that Luna was convicted of the March 1996 DWI. *See* TEX. PENAL CODE ANN. § 49.04(a). We overrule Luna's first issue.

**Issue Two**

In his second issue, Luna challenges the sufficiency of the evidence to support the finding of the second prior DWI conviction from March 2004. Specifically, Luna argues that the March 2004 conviction was not a final judgment. We disagree.

The State admitted into evidence, with no objection, State's Exhibit 20 that contains two documents related to the March 2004 conviction. The State contends that the first document is a memorandum and that the second document, entitled "JUDGMENT AND

SENTENCE," is a final judgment. The "JUDGMENT AND SENTENCE" contains language that adjudicates Luna's guilt, assesses his punishment, suspends imposition of sentence, and places him on community supervision. However, Luna argues that the memorandum is a reflection of the trial court's oral pronouncement that Luna be placed on deferred adjudication/community supervision.

Luna's argument fails because the jury is responsible for resolving any conflicts in the evidence. *See Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. Here, the jury determined that the "JUDGMENT AND SENTENCE" document proved that the alleged prior conviction from March 2004 was true.

The record supports the jury's determination. The "JUDGMENT AND SENTENCE" for the March 2004 DWI is similar to the "JUDGMENT AND SENTENCE" for the March 1996 DWI. Testimony from the District Attorney and the Deputy Clerk, who were present at the time of Luna's March 2004 sentencing, supports the existence of the March 2004 conviction. The District Attorney testified that he never offered deferred adjudication for a DWI in 2004; instead, Luna had accepted a plea bargain offer. The Deputy Clerk testified that she heard the trial court judge find Luna guilty. Additionally, the State offered, without objection, and the Trial Court admitted, a Criminal Docket sheet from March 2004. The docket sheet characterized the Memorandum as an "order" and not a "judgment." Luna argues that he understood the March 2004 sentence to be a deferred adjudication. However, Luna's testimony in this regard occurred at a pre-trial

hearing outside the jury's presence.  There was, therefore, no evidence before the jury that refuted the validity of the 2004 Judgment and Sentence as a final judgment.

When evaluating the sufficiency of the evidence, we look at *all the evidence* in the light most favorable to the verdict.  *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Villa*, 514 S.W.3d at 232 (emphasis added).  To the extent that the evidence conflicts, we defer to the jury's resolution of such inconsistencies.  *See Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.–Dallas 2010, pet. ref'd).  From the evidence before it, the jury could reasonably find true the alleged prior conviction from March 2004.  We overrule Luna's second issue.

### Conclusion

Having overruled both of Luna's issues, we affirm the trial court's judgment.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion issued and filed March 29, 2023
Do not publish
[CRPM]

